# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DENISE WHITE and <br> MARK RANDALL DRAPER, <br>         Plaintiffs <br> v. <br> JEREMY D. CURLEY <br> OFFICER WALTER M. LOVING <br> KANSAS CITY BOARD OF POLICE COMMISSIONERS <br> UNITED AMERICAN SECURITY, LLC <br>         Defendants | Case No. 4:21-cv-00404 |

## JUDGMENT AND ORDER APPROVING SETTLEMENT

Now on this 30th day of August 2022, this matter comes before the Court on Plaintiffs' Application for Approval of Final Settlement of Wrongful Death Claims (Doc. No. 88). For the reasons stated below, the Court will **GRANT** the Application for Approval of Final Settlement of Wrongful Death Claims (Doc. No. 88), as well as the Motion for Attorneys' Fees (Doc. No. 93). Plaintiff Denise White appeared by and through counsel William Denning. Plaintiff Mark Draper appeared by and through counsel John Kurtz. Defendants Jeremy Curley, Walter Loving and the Kansas City Board of Police Commissioners appeared by and through counsel Diane Peters. Defendant United American Security, LLC appeared by and through counsel Sydney Paquette. Said Application being presented, and the Court being duly advised in the premises, the Court does hereby make the following findings pursuant to Mo. Rev. Stat. §537.095:

1. This Court has jurisdiction to approve the settlement considering that the facts set forth in the Complaint arose in United States District Court for the Western District of Missouri and the claims against Defendants Jeremy Curley, Walter Loving and the Kansas City Board of Police Commissioners arise under federal law.

2. Robert Allen White died on June 14, 2018.

3. Robert Allen White was survived by his biological mother (Denise White) and his biological father (Mark Randall Draper), the two named plaintiffs in this action. Robert White was not married at the time of his death and did not have any biological or adopted children who survived him.

4. Pursuant to Mo. Rev. Stat. §537.080, no one else is entitled by Missouri law to make a claim for the death of Robert Allen White. All parties having a cause of action under Section 537.080 have received notice of this hearing to approve the settlement in the above captioned cause.

5. Plaintiffs have made claims against defendants regarding the wrongful death of Robert Allen White. Defendants denied all liability.

6. Although Defendants deny liability of any kind or character, the parties have nevertheless been able to negotiate a compromise and settlement. The gross amount is set forth in the Allocation of Settlement Proceeds (Doc. No. 96) and attached as Exhibit A to the affidavits of Mark Randall Draper (Doc. No. 99) and Denise White (Doc. No. 100), which were presented to the Court as evidence.

7. Plaintiffs and Defendants have agreed upon settlement terms as set forth in the settlement agreements between Plaintiffs and Defendants which also were submitted to the Court (Doc. No. 94 and 95). The terms of the settlement between

Plaintiffs and Defendant United American Security are confidential.

8. Evidence has been presented to the Court by Plaintiffs, including the proposed Allocation of Settlement Proceeds, which reflects that Plaintiffs consent to, and each will receive fifty percent (50%) of the net settlement proceeds after the payment of attorneys' fees and expenses.

9. Plaintiff Denise White employed William Denning, pursuant to a written fee agreement, as her attorney in this action, and plaintiff Mark Randall Draper employed John Kurtz, pursuant to a written fee agreement, as his attorney to assist in taking forward the above-captioned cause.

10. Said attorneys have investigated the law and the facts pertinent to the above-captioned cause of action including liability and damages. Plaintiffs have been advised accordingly.

11. Said attorneys have advised Plaintiffs as to the full and complete settlement of this matter as well as the release of any and all claims against Defendants as a result of such full and complete settlement.

12. Plaintiffs acknowledge that it is a full settlement against all defendants for any and all claims that Plaintiffs may have against Defendants arising out of the death of Robert Allen White.

13. Plaintiffs acknowledge that they are waiving their right to a jury trial against Defendants and knowingly do so.

14. Plaintiffs are requesting the Court to approve the settlement of the above captioned cause pursuant to the terms set forth in the settlement agreements with Defendants and the Allocation of Settlement Proceeds.

15. Plaintiffs and their attorneys believe and have represented to the Court, and the Court finds that the settlement of Plaintiffs' claims is fair and reasonable, considering all the facts and circumstances. The Court finds that approval of the settlement is in the best interest of the Plaintiffs.

16. The Court has reviewed counsels' Motion for Attorney Fees (Doc. No. 93) and finds that Plaintiffs each entered into written fee agreements with their respective attorneys. The Court further finds that attorneys' fees of 33 1/3% of the settlement after the deduction of expenses in the amount set forth in the Allocation of Settlement Funds are fair, reasonable and consistent with the fee customarily charged in the Kansas City area in similar matters. The Court further finds that the attorneys' fees are in accord with Rule 4-1.5(a) in light of the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal services properly, the experience, reputation and ability of the lawyers representing Plaintiffs, the nature and length of the attorneys' relationship with their clients and the amount involved and results obtained.

17. The Court finds that the expenses set forth in the Allocation of Settlement Proceeds are fair and reasonable.

18. It is further found that the releases are in due order and proper form.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

    (a)    That Plaintiffs Denise White and Mark Randall Draper are the only persons entitled to share in the proceeds of this settlement;

    (b)    That the settlement entered into by the parties is approved by the Court;

    (c)    That Plaintiffs:

(1) Collect and receipt for the payment of the settlement as set forth herein;

(2) To deduct and pay the expenses and attorney's fees as contracted;

(3) Acknowledge satisfaction of the judgment and costs;

(4) Distribute the net proceeds equally between the Plaintiffs;

(4) Report and account therefore to the Court.

(d) The proposed contracts of settlement having been approved by the Court, Defendants shall be and hereby are forever discharged of and from all liability for the injuries and death of Robert Allen White, and the claims against Defendants are hereby dismissed with prejudice.

(e) All parties will bear their own respective costs.

**IT IS SO ORDERED**.

Date: September 1, 2022
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge